UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ALISON MCDANIEL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No.: 1:23-CV-00292-WES- |
| | : LDA |
| PRESERVE PROPERTY MANAGEMENT | : |
| COMPANY, LLC, THE PRESERVE AT BOULDER | : |
| HILLS, LLC and PAUL MIHAILIDES, | : |
| | : |
| Defendants. | : |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants The Preserve at Boulder Hills, LLC ("PBH") and Preserve Property Management Company, LLC ("PPMC") (collectively, "Defendants"),[1] pursuant to this Court's Memorandum and Order of April 17, 2025 (Doc. 67), submit this Supplemental Memorandum in Further Support of their Motion for Partial Summary Judgment on Counts VI of Plaintiff Alison McDaniel's ("Plaintiff") Second Amended Complaint (Doc. 43).[2]

**INTRODUCTION**

In its well-reasoned Memorandum and Order, this Court granted summary judgment in favor of Defendants on nine counts pled in Plaintiff's Second Amended Complaint. Most significant, for purposes of this Supplemental Memorandum, is this Court's determination that Plaintiff was not an employee of either PBH or PPMC. Mem. and Order (Doc. 67) at 16. Because Plaintiff was not an employee of either PBH or PPMC, this Court determined that she cannot

---

[1] Paul Mihialides is also a defendant in this suit but Count VI of the Second Amended Complaint is not a claim made against him.

[2] If this Court grants Defendants' Motion, the only count in Plaintiff's Second Amended Complaint that would remain is Count XIII (Battery).

pursue any claims under Title VII. *Id.* (granting summary judgment in Defendants' favor on Counts I-III of Plaintiff's Second Amended Complaint). This Court further found that Plaintiff cannot pursue a claim for discrimination under Rhode Island's Fair Employment Practices Act ("FEPA"), observing that FEPA is "'the Rhode Island Analog to Title VII.'" *Id.* (quoting *Wyss v. Gen. Dynamics Corp.*, 24 F. Supp. 2d 202, 210 (D.R.I. 1998)). Finding there was no reason to depart from Title VII's standard, the Court found that because Plaintiff was not an employee under Title VII, she was not an employee under FEPA. *Id.* at 17-18. The Court found, however, that this determination did not necessarily resolve Count VI of Plaintiff's Second Amended Complaint, which purports to state a claim for retaliation under FEPA. *Id.* at 18. Noting that FEPA's anti-retaliation provision "sweeps more broadly than Title VII's," the Court raised the question: "Can an individual who is not a covered employee bring a retaliation charge against an employer?" *Id.* The answer to that question of first impression under Rhode Island law is unequivocally no.

## ARGUMENT

### I. Defendants Are Entitled to Summary Judgment on Plaintiff's FEPA Retaliation Claim.

FEPA contains both an anti-discrimination provision[3] and an anti-retaliation provision. FEPA's anti-retaliation provision provides:

> For any employer or employment agency, labor organization, placement service, training school or center, or any other employee referring source to discriminate in any manner against any individual because he or she has opposed any practice forbidden by this chapter, or because he or she has made a charge, testified, or assisted in any manner in any investigation, proceeding, or hearing under this chapter.

R.I. Gen. Laws § 28-5-7(5).

---

[3] FEPA's anti-discrimination provisions include R.I. Gen. Laws § 28-5-7(1)-(3). For the Court's convenience, Defendants have attached the statute at **Exhibit A**.

2

This Court has already ruled that FEPA's anti-discrimination provision does not extend to an independent contractor. Neither does FEPA's anti-retaliation provision.

As explained further herein, when FEPA's anti-retaliation provision is read in conjunction with the statute as a whole, it is clear that, in the case of an employer, its protections do not extend to an independent contractor. Thus, if the Rhode Island Supreme Court were called upon to address this issue of first impression, it would unequivocally conclude that with respect to employers, FEPA extends protection only to prospective employees, applicants for employment and employees *and not to an independent contractor*.

But here, this Court need not even reach that issue of first impression to decide summary judgment in favor of Defendants on Count VI of Plaintiff's Second Amended Complaint. This Court's determination that Plaintiff is not an employee entitled to FEPA's anti-discrimination protections forecloses any argument that Plaintiff opposed a practice forbidden by FEPA or made a charge under FEPA. That alone is dispositive of Plaintiff's FEPA claim. This Court's determination likewise forecloses any argument that Plaintiff suffered a materially adverse action where she alleges that a reasonable *employee* (not a reasonable independent contractor) would have found the action materially adverse. That too is dispositive of Plaintiff's FEPA claim.

Finally, if the Court reaches the issue of first impression presented here, it can and should conclude that FEPA's anti-retaliation provision does not extend protection to an independent contractor. That also is dispositive of Plaintiff's FEPA claim.

Thus, for any one of these reasons, summary judgment should enter in favor of Defendants.

### A.  Plaintiff Did Not Oppose Any Practice Forbidden By FEPA.

Plaintiff's Second Amended Complaint alleges that she engaged in protected conduct by filing her EEOC Charge on September 30, 2022, and by initiating this lawsuit on July 11, 2023. However, neither her EEOC Charge, nor this lawsuit oppose a "practice forbidden by" FEPA.

Plaintiff's EEOC Charge stated: "I believe I have been discriminated against due to my sex, Female, in violation of Title VII of the Civil Rights Act of 1964, as amended and all applicable State statutes." Defs. Statement of Undisputed Facts, Ex. 233 at 3 (Doc. 53-23). Title VII, a federal statute, is distinct from Chapter 5 of Title 28, which is the only statute at issue here. *See* R.I. Gen. Laws § 28-5-7(5) (establishing that it is an unlawful employment practice to discriminate against an individual because he or she "has opposed any practice forbidden *by this chapter*, or because he or she has made a charge, testified, or assisted in any manner in any investigation, proceeding, or hearing *under this chapter*" (emphasis added)).

Moreover, as this Court correctly ruled in granting summary judgment in favor of Defendants on Counts I-III, "Title VII protects only 'employees' from discrimination by their 'employers.'" Mem. and Order at 9. After a thorough review of the record, the Court found that no reasonable fact finder could conclude that Plaintiff was an employee of either PBH or PPMC. *Id.* at 16. Accordingly, although Plaintiff's EEOC Charge purported to assert a claim under Title VII, it did not oppose a practice that was forbidden by Title VII, let alone by Chapter 5 of Title 28.

Regarding the reference to "applicable State statutes" in Plaintiff's EEOC Charge, even assuming this was intended to include FEPA, FEPA forbids "employers in Rhode Island from discriminating against an employee, because of her sex, 'with respect to hire, tenure, compensation, terms, conditions or privileges of employment, or any other matter directly or indirectly related to *employment*.'" *Id.* (emphasis added) (quoting R.I. Gen. Laws § 28-5-7(1)).

As the Court correctly ruled in granting summary judgment in favor of Defendants on Counts IV and V of Plaintiff's Second Amended Complaint, Plaintiff "was not an employee under FEPA." *Id.* at 17-18.  As a result, she has no viable sex discrimination claims under FEPA. *Id.* at 18.

Therefore, although Plaintiff purported to assert a claim under FEPA, she did not oppose any practice that was forbidden by FEPA given that FEPA only forbids discrimination against an employee.[4]  Accordingly, for this reason alone, summary judgment should enter in favor of Defendants.

> **B.     Plaintiff Cannot Succeed on Her Retaliation Claim Because She Cannot Prove She Suffered a Materially Adverse Action Where She Alleges a Reasonable *Employee* Would Have Found the Action Materially Adverse.**

As this Court has held, "[t]o succeed on a retaliation claim a plaintiff must prove that '(1) she engaged in protected activity; (2) she suffered some materially adverse action; and (3) the adverse action was causally linked to her protected activity.'" *Goodwin v. UTGR, Inc.*, No. 22-CV-330-JJM-LDA, 2024 U.S. Dist. LEXIS 179864, at *27 (D.R.I. Sep. 30, 2024) (quoting *Stratton v. Bentley Univ.*, 113 F.4th 25, 41-42 (1st Cir. 2024)).  An action is materially adverse "if it could 'dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (quoting *Stratton*, 113 F.4th at 42).

Here, Plaintiff alleges that "[a] reasonable *employee* would have found the December 4, 2023 criminal complaint to be materially adverse, which means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  Second Amend.

---

[4]     For this same reason, Plaintiff's lawsuit also did not oppose a "practice forbidden by" FEPA.

Compl. ¶ 43 (emphasis added).[5] Because this Court has now ruled Plaintiff was not an employee, her Complaint no longer states a plausible claim that the December 4, 2023 criminal complaint was "materially adverse."[6] Accordingly, summary judgment should enter in favor of Defendants for this additional reason.

### C. An Individual Who is Not a Covered Employee Cannot Bring a Retaliation Charge Against an Employer.

If faced with the specific question whether an independent contractor may bring a retaliation claim under R.I. Gen. Law § 28-5-7, the Rhode Island Supreme Court would apply established principles of statutory interpretation, looking "to the entire statutory scheme to deduce the legislative intent." *Mancini v. City of Providence*, 155 A.3d 159, 163 (R.I. 2017). In doing so, its "interpretive gaze" would not be "restricted to a mere 'isolated provision'" and "'under no circumstances [would it] construe [the] statute to reach an absurd result.'" *Id.* (quoting *In re Harrison*, 992 A.2d 990, 994 (R.I. 2010)). Even when statutory language appears clear, the Rhode Island Supreme Court will not interpret it "literally when such a construction will lead to an absurd result or one at odds with the legislative intent." *Ellis v. Rhode Island Pub. Transit Auth.*, 586 A.2d 1055, 1057 (R.I. 1991).

R.I. Gen. Laws § 28-5-7 delineates its anti-discrimination protections according to the specific type of entity involved, extending coverage to distinct protected classes depending on

---

[5] Independent contractors, by definition, do not depend on a single employer for their income, therefore, lack of protection from discrimination is unlikely to discourage them from pursuing their rights. This Court found that Plaintiff is such a person—an independent contractor—who did not depend solely on the Preserve for her income. *See* Mem. and Order (Doc. 67) at 13.

[6] Conflating her federal claims with her state law claims, Plaintiff then alleges: "Defendants' December 4, 2023 criminal complaint constitutes retaliation in violation of 42 U.S.C. § 2000e et al. because it is baseless; filed in bad faith; or only filed because McDaniel engaged in protected conduct." Second Amend. Compl. ¶ 265.

6

whether the respondent is an employer or a non-employer, such as an employment agency or labor organization.

With respect to employers, the statute extends its anti-discrimination protection to a limited class of persons: applicants for employment,[7] employees,[8] recruits,[9] employees and prospective employees.[10] *See also Ferreira v. Child & Family Servs. of R.I.*, 222 A.3d 69, 76-77 (R.I. 2019); *Neri v. Ross-Simons, Inc.*, 897 A.2d 42, 48 (R.I. 2006); *DeCamp v. Dollar Tree Stores, Inc.*, 875 A.2d 13, 20 (R.I. 2005).

With respect to employment agencies, the statute extends anti-discrimination protections more broadly to those seeking referrals. R.I. Gen. Laws § 28-5-7(2).[11] With respect to labor organizations, the statute extends anti-discrimination protection to members and applicants for membership. R.I. Gen. Laws § 28-5-7(3).

Given that the statute's anti-discrimination provisions extend to limited and specific classes of persons depending on whether an employer, employment agency, labor organization, placement service, training center or employee referring service is involved, latter sections of the statute, which apply to those persons regardless of whether an employer, employment agency or labor organization is involved, refer generally to those persons as "individuals." *See, e.g.*, R.I. Gen. Laws § 28-5-7(4) (prohibiting employers, employment agencies, labor organizations, placement services, training centers, and employee referring services from gathering certain information "of

---

[7]    R.I. Gen. Laws § 28-5-7(1)(i).

[8]    R.I. Gen. Laws § 28-5-7(1)(ii).

[9]    R.I. Gen. Laws § 28-5-7(1)(iii).

[10]   R.I. Gen. Laws § 28-5-7(1)(iv).

[11]   This broader protection is for an obvious reason: Employment agencies do not employ individuals.

7

any individual"); R.I. Gen. Laws § 28-5-7(5) (prohibiting employers, employment agencies, labor organizations, placement services, training centers, and employee referring services from retaliating against "any individual" who has opposed a practice forbidden by that chapter).

Thus, Subsection 5's prohibition against retaliation against "any individual" must be read in conjunction with the preceding sections. *See Mancini*, 155 A.3d at 163-64 (instructing that language of a statute should not be viewed in isolation and should be construed in view of the rest of the statutory section).

To that end, for employers, the term "individual" in subsection 5 refers back to the classes defined in subsection 1 (applicants for employment, employees, recruits, and prospective employees). *See* R.I. Gen. Laws § 28-5-7(1). For employment agencies, the term "individual" in subsection 5 refers back to the classes defined in subsection 2 (those seeking referrals). *See* R.I. Gen. Laws § 28-5-7(2). For labor organizations, the term "individual" in subsection 5 refers back to the classes defined in subsection 3 (members and applicants for membership). *See* R.I. Gen. Laws § 28-5-7(3).

While this Court recognized that the General Assembly has directed that FEPA's text shall be construed liberally,[12] that direction does not change this analysis. In *Mancini*, the Rhode Island Supreme Court rejected a similar argument, concluding that the General Assembly's "call for a liberal construction" of FEPA "should not be understood as an authorization for the courts to 'fl[y] in the face of the structure of the statute.'" *Mancini*, 155 A.3d at 164 (alteration in original) (quoting *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995) ). The Court emphasized that it will not "construe a statute to reach an incongruous end as a result of a

---

[12] Mem. and Order at 18 (citing R.I. Gen. Laws § 28-5-38(a)).

misguided view that a liberal construction mandate calls for the wholesale abandonment of other venerable principles of statutory construction." *Id*.

Here, any other reading of FEPA's anti-retaliation provision would produce an incongruous and illogical result. This Court correctly ruled that independent contractors are not protected under the anti-discrimination provisions of FEPA. Mem. and Order at 17-18. Construing FEPA to nonetheless provide protection to independent contractors under the anti-retaliation provisions would produce precisely the kind of incongruous and illogical result that Rhode Island courts are bound to avoid.

The anti-retaliation provisions of FEPA are fundamentally secondary and derivative. The Supreme Court has explicitly recognized this principle in construing Title VII's anti-retaliation provision, noting that anti-retaliation provisions "depend[] for [their] enforcement upon the cooperation of employees who are willing to file complaints and act as witnesses." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 67 (2006).

As with the anti-retaliation provisions in similar state and federal statutes, they exist specifically to effectuate the primary substantive protections of the statute by ensuring that victims—those with rights under the statute—can safely vindicate them.

Extending anti-retaliation protections to independent contractors would create an anomalous framework wherein individuals who possess no direct claims or substantive rights under FEPA would nonetheless be entitled to derivative procedural protections designed specifically to safeguard those non-existent rights. This would not merely be inconsistent; it would fundamentally undermine the coherent statutory scheme that the Rhode Island Supreme Court is obligated to preserve through its interpretive approach.

Thus, if this Court reaches the issue of first impression presented here, it should conclude that FEPA's anti-retaliation provision does not afford protection to an independent contractor and, as such, it should enter summary judgment in favor of Defendants on Count VI of Plaintiff's Second Amended Complaint for this additional reason.

### D.     The Integrated Employer Doctrine Has No Application Here.

If the Court concludes, for any one of the foregoing reasons, that Plaintiff cannot meet the elements of Count VI of her Second Amended Complaint, it should end its analysis and enter summary judgment in favor of Defendants.

If, however, the Court somehow concludes that, even as an independent contractor, Plaintiff may proceed with Count VI, the Court should conclude that her claim against PBH[13] fails because it is not a covered employer under FEPA and the integrated employer doctrine has no application here.[14]

---

[13]     This Court's findings in its Memorandum and Order preclude any argument that Plaintiff had any relationship (as an independent contractor or otherwise) with PPMC. *See* Mem. and Order at 3 ("In mid-2019, *PBH* retained McDaniel to provide modeling services for the Resort and paid her $2,000 for those services." (emphasis added)); *id*. at 11 ("And her work on those higher skill tasks was the reason *PBH* hired McDaniel in the first place." (emphasis added)); *id*. at 12-13 ("the record shows that to complete her work she occasionally hired assistants, paid them, and received reimbursement from *PBH*." (emphasis added)); *id*. at 14 ("*PPMC* never paid her and did not list her on its payroll." (emphasis added)); *id*. at 15 ("As to tax treatment more generally, *PPMC* did not issue any tax documents to McDaniel, and she did not claim any wages or income earned from *PPMC* in any of her own tax filings." (emphasis added)).

[14]     Defendants address the integrated employer doctrine at the Court's direction. *See* Mem. and Order at 19-20 n.1. However, Plaintiffs' Second Amended Complaint does not even plead the integrated employer doctrine. Plaintiff's Second Amended Complaint alleges that PBH and PPMC were Plaintiff's employers and that both meet the applicable statutory definitions of employers. Second Amend. Compl. (Doc. 43) ¶¶ 2-3. Plaintiff does not allege that PBH and PPMC are joint employers or that the integrated employer doctrine applies. As such, Plaintiff's integrated employer doctrine argument (which Plaintiff has chosen to make the focal point of her Opposition) is not properly before the Court. *See Bouey v. Orange Cty. Serv. Unit*, 673 F. App'x 952, 954 (11th Cir. 2016) (where plaintiff "did not allege that OCSU, CTA, and OESPA are joint employers until her response to the motion for summary judgment" that argument was "not properly before the district court"). Courts in this circuit have routinely rejected attempts, like that Plaintiff

FEPA defines an "[e]mployer" as including "the state and all political subdivisions of the state and any person in this state employing four (4) or more individuals, and any person acting in the interest of an employer directly or indirectly." R.I. Gen. Laws § 28-5-6(9)(i); *see also Madden v. Rittal N. Am., LLC*, 643 F. Supp. 3d 305, 314 (D.R.I. 2022).

It is undisputed that PBH has never had any employees. *Compare* Defs.' Statement of Undisputed Facts (Doc. 48) ¶ 75, *with* Pl.'s Statement of Disputed Facts (Doc. 64) ¶ 75 (disputing PBH's claim that it has never had any employees only on the basis of Plaintiff's claim that she was an employee of PBH, an assertion that this Court rejected). PBH did not have any employees at the time Plaintiff provided services to it and it has never had any employees, let alone any employees in any of the working days in each of the twenty or more calendar weeks in this year or last year. *Id*.

Thus, at summary judgment, Plaintiff argued that, under the integrated employer doctrine, PBH and PPMC are an integrated employer under FEPA, thereby making PBH a covered employer under that statute. Pl.'s Opp. to Defs.' Mot. for Summ. J. (Doc. 58) at 13. Plaintiff's argument fails for at least three reasons.

First, for the integrated employer doctrine to even warrant consideration, at least one of the allegedly integrated enterprises must be the plaintiff's employer. Here, this Court has already determined that Plaintiff was not employed by either PBH or PPMC. Mem. and Order (Doc. 67) at 16.

Second, no court has applied the integrated employer doctrine to FEPA and this Court should not be the first to do so.

---

makes here, to amend her complaint through her opposition to Defendants' motion for summary judgment. *Katz v. Belveron Real Est. Partners, LLC*, 28 F.4th 300, 309 (1st Cir. 2022).

Third, even in other contexts where the integrated employer/single employer doctrine applies, courts have refused to extend that doctrine to independent contractors. *See, e.g.*, *Bristol v. Bd. of Cty. Comm'rs*, 312 F.3d 1213, 1218 (10th Cir. 2002) (finding the single-employer test inapplicable to independent contractors for purposes of an ADA claim); *Tesher v. Sol Goldman Investments, LLC*, No. 115878/06, 2011 N.Y. Misc. LEXIS 2644, 2011 WL 2513499 (N.Y. Sup. Ct. May 31, 2011) (where plaintiff was not an employee of defendant, or any related entity, the New York Supreme Court did not address the single employer doctrine); *Covas-Alvarez v. W. Stock Show Ass'n*, No. 09-cv-02140, 2010 U.S. Dist. LEXIS 98082, at *20 (D. Colo. Sep. 17, 2010) (recognizing that the hybrid test used to determine whether the single employer test applies, "does not apply where there is 'no allegation that [plaintiff] is an independent contractor.'").

Accordingly, for these reasons the integrated employer doctrine has no application here.

## **CONCLUSION**

For the foregoing reasons, this Court should grant summary judgment in favor of PBH and PPMC on Count IV of Plaintiff Alison McDaniel's Second Amended Complaint.

        DEFENDANT/COUNTERCLAIM PLAINTIFF
THE PRESERVE AT BOULDER HILLS, LLC
AND DEFENDANT PRESERVE PROPERTY
MANAGEMENT COMPANY, LLC,
By their Attorneys:


/s/ Nicole J. Benjamin
John A. Tarantino (#2586)
jtarantino@apslaw.com
Nicole J. Benjamin (#7540)
nbenjamin@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
100 Westminster Street, 16th Floor
Providence, RI  02903-1345
Tel:  401-274-7200
Fax:  401-351-4607
April 24, 2024

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 24, 2024, I electronically served and filed *via the Electronic Court Filing (CM/ECF) system* a true copy of the within pleading on all counsel of record and it is available for viewing and downloading from the ECF system.

        /s/ Nicole Benjamin