# EXHIBIT A

# Title 28
# Labor and Labor Relations

## Chapter 5
## Fair Employment Practices

### R.I. Gen. Laws § 28-5-7

**§ 28-5-7. Unlawful employment practices.**

It shall be an unlawful employment practice:

  **(1)** For any employer:

    **(i)** To refuse to hire any applicant for employment because of his or her race or color, religion, sex, sexual orientation, gender identity or expression, disability, age, or country of ancestral origin;

    **(ii)** Because of those reasons, to discharge an employee or discriminate against him or her with respect to hire, tenure, compensation, terms, conditions or privileges of employment, or any other matter directly or indirectly related to employment. However, if an insurer or employer extends insurance-related benefits to persons other than or in addition to the named employee, nothing in this subdivision shall require those benefits to be offered to unmarried partners of named employees;

    **(iii)** In the recruiting of individuals for employment or in hiring them, to utilize any employment agency, placement service, training school or center, labor organization, or any other employee referring source that the employer knows, or has reasonable cause to know, discriminates against individuals because of their race or color, religion, sex, sexual orientation, gender identity or expression, disability, age, or country of ancestral origin;

    **(iv)** To refuse to reasonably accommodate an employee's or prospective employee's disability unless the employer can demonstrate that the accommodation would pose a hardship on the employer's program, enterprise, or business;

    **(v)** When an employee has presented to the employer an internal complaint alleging harassment in the workplace on the basis of race or color, religion, sex, disability, age, sexual orientation, gender identity or expression, or country of ancestral origin, to refuse to disclose in a timely manner in writing to that employee the disposition of the complaint, including a description of any action taken in resolution of the complaint; provided, however, no other personnel information shall be disclosed to the complainant; or

    **(vi)** To require an employee as a condition of employment, to execute a nondisclosure agreement that requires alleged violations of civil rights remain confidential, or a non-disparagement agreement concerning alleged violations of civil rights or alleged unlawful conduct, or any agreement with a clause that requires alleged violations of civil rights remain confidential. Any contract provision in violation of this subsection shall be void as a violation of public policy;

  **(2)(i)** For any employment agency to fail or refuse to properly classify or refer for employment or otherwise discriminate against any individual because of his or her race or color, religion, sex, sexual orientation, gender identity or expression, disability, age, or country of ancestral origin; or

    **(ii)** For any employment agency, placement service, training school or center, labor organization, or any other employee referring source to comply with an employer's request for the referral of job applicants if the request indicates, either directly or indirectly, that the employer will not afford full and equal employment opportunities to individuals regardless of their race or color, religion, sex, sexual orientation, gender identity or expression, disability, age, or country of ancestral origin;

**(3)** For any labor organization:

    **(i)** To deny full and equal membership rights to any applicant for membership because of his or her race or color, religion, sex, sexual orientation, gender identity or expression, disability, age, or country of ancestral origin;

    **(ii)** Because of those reasons, to deny a member full and equal membership rights, expel him or her from membership, or otherwise discriminate in any manner against him or her with respect to his or her hire, tenure, compensation, terms, conditions or privileges of employment, or any other matter directly or indirectly related to membership or employment, whether or not authorized or required by the constitution or bylaws of the labor organization or by a collective labor agreement or other contract;

    **(iii)** To fail or refuse to classify properly or refer for employment, or otherwise to discriminate against any member because of his or her race or color, religion, sex, sexual orientation, gender identity or expression, disability, age, or country of ancestral origin; or

    **(iv)** To refuse to reasonably accommodate a member's or prospective member's disability unless the labor organization can demonstrate that the accommodation would pose a hardship on the labor organization's program, enterprise, or business;

**(4)** Except where based on a bona fide occupational qualification certified by the commission or where necessary to comply with any federal mandated affirmative action programs, for any employer or employment agency, labor organization, placement service, training school or center, or any other employee referring source, prior to employment or admission to membership of any individual, to:

    **(i)** Elicit, or attempt to elicit, any information directly or indirectly pertaining to his or her race or color, religion, sex, sexual orientation, gender identity or expression, disability, age, or country of ancestral origin;

    **(ii)** Make or keep a record of his or her race or color, religion, sex, sexual orientation, gender identity or expression, disability, age, or country of ancestral origin;

    **(iii)** Use any form of application for employment, or personnel or membership blank containing questions or entries directly or indirectly pertaining to race or color, religion, sex, sexual orientation, gender identity or expression, disability, age, or country of ancestral origin;

    **(iv)** Print or publish, or cause to be printed or published, any notice or advertisement relating to employment or membership indicating any preference, limitation, specification, or discrimination based upon race or color, religion, sex, sexual orientation, gender identity or expression, disability, age, or country of ancestral origin; or

    **(v)** Establish, announce, or follow a policy of denying or limiting, through a quota system or otherwise, employment or membership opportunities of any group because of the race or color, religion, sex, sexual orientation, gender identity or expression, disability, age, or country of ancestral origin of that group;

**(5)** For any employer or employment agency, labor organization, placement service, training school or center, or any other employee referring source to discriminate in any manner against any individual because

he or she has opposed any practice forbidden by this chapter, or because he or she has made a charge, testified, or assisted in any manner in any investigation, proceeding, or hearing under this chapter;

**(6)** For any person, whether or not an employer, employment agency, labor organization, or employee, to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful employment practice, or to obstruct or prevent any person from complying with the provisions of this chapter or any order issued pursuant to this chapter, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful employment practice;

**(7)** For any employer to include on any application for employment, except applications for law enforcement agency positions or positions related to law enforcement agencies, a question inquiring or to otherwise inquire either orally or in writing whether the applicant has ever been arrested, charged with or convicted of any crime; provided, that:

> **(i)** If a federal or state law or regulation creates a mandatory or presumptive disqualification from employment based on a person's conviction of one or more specified criminal offenses, an employer may include a question or otherwise inquire whether the applicant has ever been convicted of any of those offenses; or

> **(ii)** If a standard fidelity bond or an equivalent bond is required for the position for which the applicant is seeking employment and his or her conviction of one or more specified criminal offenses would disqualify the applicant from obtaining such a bond, an employer may include a question or otherwise inquire whether the applicant has ever been convicted of any of those offenses; and

> **(iii)** Notwithstanding, any employer may ask an applicant for information about his or her criminal convictions at the first interview or thereafter, in accordance with all applicable state and federal laws;

**(8)(i)** For any person who or that, on June 7, 1988, is providing either by direct payment or by making contributions to a fringe benefit fund or insurance program, benefits in violation with §§ 28-5-6, 28-5-7 and 28-5-38, until the expiration of a period of one year from June 7, 1988, or if there is an applicable collective bargaining agreement in effect on June 7, 1988, until the termination of that agreement, in order to come into compliance with §§ 28-5-6, 28-5-7 and 28-5-38, to reduce the benefits or the compensation provided any employee on June 7, 1988, either directly or by failing to provide sufficient contributions to a fringe benefit fund or insurance program.

> **(ii)** Where the costs of these benefits on June 7, 1988, are apportioned between employers and employees, the payments or contributions required to comply with §§ 28-5-6, 28-5-7 and 28-5-38 may be made by employers and employees in the same proportion.

> **(iii)** Nothing in this section shall prevent the readjustment of benefits or compensation for reasons unrelated to compliance with §§ 28-5-6, 28-5-7 and 28-5-38.

History of Section.
P.L. 1949, ch. 2181, § 4; P.L. 1951, ch. 2735, § 1; G.L. 1956, § 28-5-7; P.L. 1973, ch. 132, § 1, impl. am. P.L. 1979, ch. 144, § 1; P.L. 1980, ch. 245, § 2, impl. am. P.L. 1981, ch. 167, § 1; P.L. 1982, ch. 299, § 1; P.L. 1986, ch. 98, § 1; P.L. 1986, ch. 198, § 15; P.L. 1987, ch. 494, § 1; P.L. 1988, ch. 310, § 2; P.L. 1993, ch. 126, § 2; P.L. 1995, ch. 32, § 4; P.L. 1995, ch. 235, § 1; P.L. 1997, ch. 150, § 4; P.L. 2001, ch. 340, § 3; P.L. 2003, ch. 131, § 2; P.L. 2003, ch. 131, § 2; P.L. 2003, ch. 173, § 2; P.L. 2013, ch. 309, § 2; P.L. 2013, ch. 413, § 2; P.L. 2023, ch. 252, § 1, effective June 22, 2023.