UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ALISON MCDANIEL, | : |
| Plaintiff, | : |
| v. | : C.A. No.: 1:23-CV-00292-WES-LDA |
| PRESERVE PROPERTY MANAGEMENT COMPANY, LLC, THE PRESERVE AT BOULDER HILLS, LLC and PAUL MIHAILIDES, | : |
| Defendants. | : |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNTS VIII AND IX OF PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT

Defendants The Preserve at Boulder Hills, LLC ("PBH"), Preserve Property Management Company, LLC ("PPMC") and Paul Mihailides (collectively, "Defendants") hereby move, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings on Counts VIII and IX of Plaintiff's Verified Second Amended Complaint. Counts VIII and IX fail to state a plausible claim for violation of the Rhode Island Civil Rights Act of 1990 ("RICRA") for the reasons set forth herein.

### INTRODUCTION

On April 17, 2025, this Court granted summary judgment in favor of Defendants on nine counts of Plaintiff's Verified Second Amended Complaint. Among other things, the Court ruled in favor of Defendants on Plaintiff's breach of contract claim, determining that the alleged breach was based on a purported failure to pay her a "salary." Because the Court also found that Plaintiff was not an employee, it concluded that Plaintiff could not prevail on her breach of contract claim.

That ruling sets the stage for the present motion. A Plaintiff must plausibly allege a contract or a proposed contract to proceed under RICRA. Without a valid contract, Plaintiff cannot

assert a plausible claim for violation of RICRA. Therefore, judgment on the pleadings should enter in favor of Defendants and against Plaintiff on Counts VIII and IX, as these counts do not state a viable claim under RICRA. Entering judgment on the pleadings is especially appropriate at this stage to prevent the parties from incurring the time and expense of burdensome discovery on claims that are legally deficient.

## ARGUMENT

**I.  A Motion for Judgment on the Pleadings is Appropriate at this Stage, Prior to Discovery on the Remaining Issues.**

Rule 12(c) of the Federal Rules of Civil Procedure expressly permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c); *Rezende v. Ocwen Loan Servicing, LLC*, 869 F.3d 40, 42 n.3 (1st Cir. 2017).[1] The rule's plain language allows such motions to be filed at any point after the close of the pleadings.

Granting Defendants' Rule 12(c) motion at this juncture would serve an important purpose, consistent not only with Rule 12(c), but also with Rule 1, by resolving dispositive issues before the parties engage in potentially unnecessary discovery. Furthermore, there are no facts in the record that contradict the argument Defendants make here, thereby making this motion proper. *See Servicios Funerarios GG, S.A. de C.V. v. Advent Int'l Corp.*, C.A. No. 23-cv-10684, 2024 U.S. Dist. LEXIS 129574, at *11 (D. Mass. July 23, 2024) ("Where neither party has pointed to

---

[1]  Although courts sometimes question the use of Rule 12(c) motions after substantial discovery, that concern is not implicated here. *See Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 45-46 (1st Cir. 2012); *see also Ríos-Campbell v. United States DOC*, 927 F.3d 21, 24-26 (1st Cir. 2019). To date, discovery has been limited solely to the threshold issue of whether Plaintiff was an employee of Defendants. As the First Circuit has recognized, "one of the main goals of the plausibility standard is the avoidance of unnecessary discovery." *Grajales*, 682 F.3d at 46 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-58 (2007)).

2

additional facts in the record that the motion ignores, the court will consider the motion for judgment on the pleadings on its merits.").

If the Court grants Defendants' pending motion for summary judgment as to Count VI (retaliation under Rhode Island's Fair Employment Practice Act) for the reasons set forth in Defendants' April 24, 2025 Supplemental Memorandum (Doc. 68) and grants this Rule 12(c) motion, that would leave only Plaintiff's claim against Mr. Mihailides for battery. Regardless of the forum where that claim ultimately proceeds, discovery on that claim would necessarily be narrow.

Accordingly, consideration of Defendants' motion for judgment on the pleadings is both timely and warranted at this stage of the proceedings.

## II. Plaintiff Must Plausibly Allege a Contract or a Proposed Contract to Proceed Under RICRA.

The Rhode Island Civil Rights Act of 1990 ("RICRA") guarantees that "[a]ll persons within the state, regardless of race, color, religion, sex, disability, age, or country of ancestral origin, have . . . the same rights to make and enforce contracts." R.I. Gen. Laws § 42-112-1(a); *see also Morrissette v. Honeywell Bldg. Sols. SES Corp.*, No. 10-12-ML, 2011 U.S. Dist. LEXIS 92728, at *9 (D.R.I. Aug. 17, 2011). "[T]he right to 'make and enforce contracts . . .' includes the making, performance, modification and termination of contracts and rights concerning real or personal property, and the enjoyment of all benefits, terms, and conditions of the contractual and other relationships." R.I. Gen. Laws § 42-112-1(b).[2]

---

[2] RICRA was enacted in direct response to the United State Supreme Court's decision in *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989). *See Ward v. City of Pawtucket*, 639 A.2d 1379, 1381 (R.I. 1994) (explaining that RICRA was enacted in response to *Patterson's* narrow interpretation of 42 U.S.C. § 1981). In *Patterson*, the Supreme Court held that the Civil Rights Act of 1866 "protects against racial

RICRA is modeled after a provision of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and as this Court has noted, it provides "'broad protection against all forms of discrimination in all phases of employment' to '[a]ll persons within the state.'" Mem. and Order (Doc. 67) at 22 (alteration in original) (quoting *Horn v. S. Union Co.*, 927 A.2d 292, 293 (R.I. 2007)). Consistent with its federal counterpart (Section 1981), RICRA's protections are predicated on the existence of a contractual relationship. *See* R.I. Gen. Laws § 42-112-1.

The United States Supreme Court and the First Circuit have both made clear that a claim under Section 1981 "must initially identify an impaired 'contractual relationship,' under which the plaintiff has rights." *Alston v. Spiegel*, 988 F.3d 564, 572 (1st Cir. 2021) (quoting *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006)). A [Section] 1981 claim fails as a matter of law if the plaintiff lacks 'rights under the existing (or proposed) contract that he wishes to make and enforce.'" *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 931 (5th Cir. 2021) (quotations omitted) (quoting *Domino's Pizza, Inc.*, 546 U.S. at 470)).

The same requirement applies to claims brought under RICRA. *See Doe v. Brown Univ.*, 253 A.3d 389, 396 (R.I. 2021) (quoting RICRA); *Lima v. City of E. Providence*, No. 17-156MSM, 2019 U.S. Dist. LEXIS 213441, at *19 (D.R.I. Dec. 11, 2019) (recognizing that RICRA "is analogous to § 1981 in that it prohibits discrimination based on race *in the making and enforcement of contracts*" (emphasis added)).

Accordingly, to state a viable claim under RICRA, a plaintiff must plausibly allege the existence of a contract or a proposed contract that she seeks to make and enforce. Without such an allegation, a RICRA claim cannot proceed as a matter of law.

---

discrimination in the formation of contracts only and not in the subsequent modification and performance of contracts." *Liu v. Striuli*, 36 F. Supp. 2d 452, 469 (D.R.I. 1999) (citing *Patterson*, 491 U.S. at 171).

Although a contractual relationship is necessary to proceed with a RICRA claim, RICRA's protections are not confined solely to traditional employment relationships; they may also extend to independent contractors and other contracting parties. In *Morrissette,* this Court applied RICRA to an independent contractor, noting that 28 U.S.C. § 1981—the federal analog to RICRA—is not confined to employment contracts. 2011 U.S. Dist. LEXIS 92728. The plaintiff, Morrissette, had entered into a contract to work as Honeywell's Safety Officer. *Id*. at *2-3. When Honeywell terminated this contract, Morrissette asserted an age discrimination claim under RICRA. *Id*. at *7. Thus, in *Morrisette*, it was Honeywell's termination of Morrissette's contract that gave rise to Morrissette's claim for discrimination under RICRA, as RICRA extends its prohibition on discrimination to "termination of contracts." R.I. Gen. Laws 42-112-1(b).

It is not enough for a plaintiff to plead performance of services. Courts interpreting Section 1981 have held that merely performing services does not, by itself, establish the existence of a contract. *See Adam v. Obama for Am.*, 210 F. Supp. 3d 979 (N.D. Ill. Sept. 28, 2016) (dismissing an intern's claim under Section 1981, finding that she did not plausibly allege the existence of a contract where she alleged she performed services in exchange for use of a laptop computer and access to the internship itself); *Hagemann v. Molinari*, 14 F. Supp. 2d 277, 286 (E.D.N.Y. 1998) (finding that volunteer's claim under Section 1981 failed as a matter of law because the volunteer "was not a party to any contract with the" defendant).

Therefore, for Plaintiff to proceed with her RICRA claims, this Court must first determine whether her Verified Second Amended Complaint plausibly alleges that Defendants impaired a contract with Plaintiff. Based on the Court's decision on summary judgment and, as shown here, this Court should conclude that it does not.

### III. Plaintiff Cannot Plausibly Allege the Existence of a Contract in Light of This Court's Prior Summary Judgment Ruling.

This Court has already granted summary judgment in favor of Defendants on the only contract plausibly alleged in Plaintiff's Verified Second Amended Complaint. Mem. and Order (Doc. 67) at 20. Because there is no contractual relationship between Plaintiff and Defendants, Plaintiff cannot meet the plausibility standard required to proceed on her RICRA claim. Without a viable contract, her RICRA claim necessarily fails as a matter of law.

In its April 17, 2025 Memorandum and Order, this Court granted summary judgment in favor of Defendants on Plaintiff's breach of contract claim. Mem. and Order (Doc. 67) at 20. Defendants argued in their Motion for Partial Summary Judgment that because the undisputed material facts demonstrated that Plaintiff was an independent contractor, not an employee, her claim predicated on a purported breach of an agreement to pay her a salary and wages necessarily failed. Defs.' Mem. Supp. Partial Mot. Summ. J. (Doc. 47) at 15. In response, Plaintiff argued that she was an employee but that, even if the Court determined she was an independent contractor, she was entitled to proceed on a breach of contract theory to recover the benefit of her bargain with Defendants. Pl.'s Mem. Opp'n Mot. Summ. J. (Doc. 58-1) at 37-38. In reply, Defendants argued that Plaintiff is bound by the allegations in her Verified Second Amended Complaint. Defs.' Reply Mem. Supp. Partial Mot. Summ. J. (Doc. 65) at 30. Relying on well-settled law, Defendants argued that "[i]n the absence of a sufficient explanation, a plaintiff 'is simply not permitted to offer . . . evidence directly contradicting the allegations of his own complaint, in the face of a motion for summary judgment.'" *Id.* at 32 (quoting *Power v. Connectweb Techs., Inc.*, No. 22-10030, 2024 U.S. Dist. LEXIS 123889, at *7 (D. Mass. July 15, 2024)). Rather, Plaintiff

remains bound by her own averments and, here, her pleading that her breach of contract claim is premised on her alleged status as an employee. *Id*. at 33.

This Court agreed with Defendants, granting their motion as to Plaintiff's breach of contract claim. The Court correctly read Plaintiff's Verified Second Amended Complaint, the only way it can be read, as alleging that Defendants "breached an agreement to pay [Plaintiff] a 'salary' of $6,000 per month to work at the Resort." Mem. and Order (Doc. 67) at 20 (citing Operative Compl. ¶¶ 267-273). Because the Court found that Plaintiff's breach of contract claim arose from an alleged failure to pay her a "salary," the Court treated the claim as one for failure to pay wages. *Id*. And because the Court concluded that Plaintiff was not an employee, the Court granted summary judgment in favor of Defendants. *Id.* 21-22.

The Court's ruling not only is correct, it also is the law of the case. *See Buntin v. City of Bos*., 857 F.3d 69, 72 (1st Cir. 2017) (quoting *United States v. Moran*, 393 F.3d 1, 7 (1st Cir. 2004)) (recognizing that "[t]he law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case'").

Plaintiff has been adamant about the contract she allegedly had with the Preserve and does not allege the existence of *any other contract*—the making, performance, modification or termination of which—that plausibly forms the basis for her RICRA claims. *See* Second Amend. Compl. 287 ("Mihailides' conduct as described above interfered with McDaniel's ability to make and enforce contracts with Defendants because of her sex in violation of R.I. Gen. Laws 42-112-1 et seq.").

Plaintiff's own verified allegations in Counts VIII and IX of her Verified Second Amended Complaint make plain that the claim Plaintiff seeks to pursue is one premised on a theory that she

7

was an employee of Defendants, a theory that this Court has already rejected. *See* Mem. and Order (Doc. 67) at 16. Her verified allegations include that:

- "Mihailides' discriminatory acts towards McDaniel occurred with such frequency and repetition that they were not discrete and isolated, but rather, the discriminatory acts were continuous such that they collectively constitute *one unlawful employment practice*." Second Amend. Compl. ¶ 282 (emphasis added).

- "Mihailides' conduct as described above interfered with the benefits, terms, and conditions of the *employment relationship* between McDaniel and Defendants." *Id*. ¶ 288 (emphasis added).

- "Mihailides sexual harassment of McDaniel was so severe and pervasive that it resulted in her *constructive discharge*." *Id*. ¶ 290 (emphasis added).[3]

- "Because McDaniel was constructively discharged as a result of Mihailides' conduct, she suffered a *tangible employment action* for which Defendants are strictly liable." *Id*. ¶ 292 (emphasis added).

- "Mihailides had the right or power to exercise control over the methods and means of how McDaniel performed her work, including having the sole authority to terminate her services." *Id*. ¶ 275[4]

- "Mihailides exerted significant control over the terms and conditions of McDaniel's employment." *Id*. at 298 (emphasis added).[5]

- "Because Mihailides was McDaniel's direct supervisor, and he took actions against her *adversely affecting her employment* because she refused his sexual advances, Defendants are strictly liable for Mihailides' actions." *Id*. ¶ 305 (emphasis added).

---

[3] Constructive discharge is typically a concept reserved for employees. *See Ruff v. Omnitrition Int'l, Inc.*, C.A. No. 16-CV-2558-L, 2020 U.S. Dist. LEXIS 164081, at *23 (N.D. Tex. Sep. 9, 2020) (ruling that an independent contractor could not advance a claim for constructive discharge); *see also Green v. Rediehs Transit Line, Inc.,* No. 00-2422, 2000 U.S. App. LEXIS 27977, at *1-2 (7th Cir. Nov. 1, 2000) (affirming grant of summary judgment on constructive discharge claim brought by an independent contractor); *Beckum v. First Team Real Est.*, No. 30-2022-01250257, 2024 Cal. Super. LEXIS 991 (Cal. Super. Ct. Jan. 8, 2024) (granting summary judgment in favor of defendant's constructive discharge claim after finding that the plaintiff, an independent contractor, cannot proceed on that employment-based claim).

[4] This Court has already rejected this allegation, finding that the undisputed facts on this issue "support Defendants' proposition that McDaniel was not an employee." Mem. and Order (Doc. 67) at 12.

[5] This Court has already rejected this allegation, finding that the undisputed facts on this issue "support Defendants' proposition that McDaniel was not an employee." Mem. and Order (Doc. 67) at 12.

- "Mihailides' conduct as described above interfered with the benefits, terms, and conditions of the *employment relationship* between McDaniel and Defendants." *Id*. ¶ 307 (emphasis added).

Plaintiff further claims that, as a result of Defendants' alleged violation of RICRA, she suffered "grave and substantial pecuniary damages, including lost wages, bonuses, commissions, fringe benefits, vacation pay, as well as other pecuniary damages, now, and in the future." *Id*. ¶ 182. These alleged damages again, verified under oath, further underscore that the contract that Plaintiff claims was impaired was a contract for employment benefits. This Court has already determined that Plaintiff never received such benefits and would not be entitled to such benefits under any theory because she was not an employee of any of Defendants. *See* Mem. and Order (Doc. 67) at 13 ("Neither PPMC nor PBH provided McDaniel any payroll checks, training, health insurance, workers' compensation insurance, paid time off, overtime pay, or retirement benefits."); *id*. at 15 ("These considerations reinforce Defendants' argument that McDaniel was not an employee.").

For these reasons, Plaintiff has not plausibly alleged the existence of a contractual relationship, a necessary predicate for her RICRA claim. Accordingly, judgment should enter in favor of Defendants on Counts VIII and IX of Plaintiff's Verified Second Amended Complaint.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Defendants' Rule 12(c) motion and enter judgment on the pleadings in favor of Defendants on Counts VIII and IX of Plaintiff's Verified Second Amended Complaint.

DEFENDANT/COUNTERCLAIM PLAINTIFFS
THE PRESERVE AT BOULDER HILLS, LLC
AND PAUL MIHAILIDES AND DEFENDANT
PRESERVE PROPERTY MANAGEMENT
COMPANY, LLC,
By their Attorneys:


/s/ Nicole J. Benjamin
John A. Tarantino (#2586)
jtarantino@apslaw.com
Nicole J. Benjamin (#7540)
nbenjamin@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
100 Westminster Street, 16th Floor
Providence, RI  02903-1345
Tel:  401-274-7200
Fax:  401-351-4607
May 5, 2025


**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2025, I electronically served and filed *via the Electronic Court Filing (CM/ECF) system* a true copy of the within pleading on all counsel of record and it is available for viewing and downloading from the ECF system.

/s/ Nicole Benjamin