UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ALISON MCDANIEL,<br>    *Plaintiff*, | :<br>:<br>: |
| v. | :   C.A. No.: 1:23-CV-00292-WES-LDA |
| | : |
| PRESERVE PROPERTY MANAGEMENT<br>COMPANY, LLC, THE PRESERVE AT<br>BOULDER HILLS, LLC and<br>PAUL MIHAILIDES,<br>    *Defendants*. | :<br>:<br>:<br>:<br>:<br>: |

**BRIEF OF AMICUS CURIAE**
**RHODE ISLAND COMMISSION FOR HUMAN RIGHTS**

Rhode Island Commission for Human Rights

By its Attorney
Lauren E. Hill, Esq. #9830
180 Westminster Street, 3rd Floor
Providence, RI 02903
(401) 222-7562
Fax: (401) 222-2616
lauren.hill@richr.ri.gov

By Commissioner
Cynthia M. Hiatt, Esq. #2119
180 Westminster Street, 3rd Floor
Providence, RI 02903
(401) 222-7562
Fax: (401) 222-2616
chiattjd@mail.com

1

# **TABLE OF CONTENTS**

I. STATEMENT OF INTEREST ........................................................................... 3

II. STATEMENT OF ISSUE .................................................................................. 3

III. STATEMENT OF THE CASE .......................................................................... 3

IV. ARGUMENT ..................................................................................................... 4

    A. The Fair Employment Practices Act's plain language permits an individual who is not a covered employee to file a retaliation charge against an employer. ........... 5

    B. The Commission must be able to enforce the FEPA's antiretaliation provision for non-employees in order to carry out its statutory mandate. ........... 7

V. CONCLUSION .................................................................................................. 8

# TABLE OF AUTHORITIES

**CASES**                                                                          **PAGE**

*Calero-Cerezo v. U.S. Dep't of Just.*,                                            5
355 F.3d 6, 25 (1st Cir. 2004)

*Shoucair v. Brown Univ.*,                                                         5
917 A.2d 418, 427 (R.I. 2007)

*Burlington N. & Santa Fe Ry. Co. v. White*,                                       5, 8
548 U.S. 53, 67 (2006)

*State v. Clark*,                                                                  7
974 A.2d 558, 571 (R.I. 2009)

*Cahoon v. Shelton*,                                                               7
647 F.3d 18, 23 (1st Cir. 2011)

**STATUTES**                                                                       **PAGE**

R.I. Gen. Laws § 28-5-1                                                            4

R.I. Gen. Laws § 28-5-3                                                            7

R.I. Gen. Laws § 28-5-7                                                            4, 5, 7

R.I. Gen Laws §§ 28-5-16—24                                                        6

R.I. Gen. Laws § 28-5-17                                                           8

R.I. Gen. Laws § 28-5-38                                                           7

42 U.S.C.A. § 2000e-7                                                              6

**REGULATIONS**

515-RICR-10-00-2.2(A)(9)                                                           9

515-RICR-10-00-2.4(A)                                                              8

I.   **STATEMENT OF INTEREST**

The Rhode Island General Assembly tasked the Rhode Island Commission for Human Rights (the "Commission") with administering and enforcing the Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1, et seq. ("FEPA"). This case presents an important question about *who* is protected from retaliatory conduct by an employer for opposing perceived unlawful employment actions. Both as a matter of statutory interpretation and public policy, the FEPA clearly intends broad protection for "any individual" who "assist[s] in any manner in the investigation, proceeding, or hearing under this chapter," R.I. Gen. Laws § 28-5-7(5), which includes filing a discrimination charge. Because the Commission has a substantial interest in the proper resolution of this question, the agency offers its interpretation of the operative FEPA provisions.

II.   **STATEMENT OF ISSUE**

Can an individual who is not a covered employee bring a retaliation charge against an employer?

III.   **STATEMENT OF THE CASE**

In 2022, Plaintiff Alison McDaniel filed a Charge of Discrimination with the federal Equal Employment Opportunity Commission ("EEOC") and the Commission, alleging sex discrimination. ECF 7-1, 7-2. After receiving "Right to Sue" letters from the EEOC and the Commission, Plaintiff filed the instant civil action. ECF 1, 7-3; 7-4. In November 2023, Plaintiff filed a second Charge of Discrimination with the Commission, alleging that Defendants retaliated against her and later amended the charge to expand her allegations of retaliation. After receiving a Notice of Right to Sue from the Commission, Plaintiff amended the Complaint in the instant case to include allegations of retaliation. ECF 3.

4

The Defendants filed a motion for partial summary judgment on July 2, 2024. ECF 47. On April 17, 2025, the Court granted the motion in part and denied it in part. ECF 67. In granting judgment on the sexual harassment counts in Plaintiff's Complaint, the Court ruled that Plaintiff was an independent contractor, not an employee, and thus not covered by Title VII of the Civil Rights Act of 1964 or the FEPA with respect to protection against sex discrimination. *Id.* The Court, however, noted that "FEPA's anti-retaliation provision sweeps more broadly than Title VII's," ECF 67 at 10, and deferred judgment on the retaliation count as neither party had briefed it. *Id.* at 18-19. The Court instructed Defendants that, if they wished to pursue the issue, they must file a supplemental briefing on whether someone who is not an employee can bring a retaliation charge under the FEPA, R.I. Gen. Laws § 28-5-7(5). *Id.* Defendants Preserve Property Management Company, LLC and the Preserve at Boulder Hills, LLC filed their Supplemental Memorandum in Support of their Motion for Partial Summary Judgment on April 24, 2025. ECF 69.

**IV.   ARGUMENT**

To prove a retaliation claim under federal Title VII, "a plaintiff must establish that (1) she engaged in protected conduct; (2) she experienced an adverse employment action; and (3) there was a causal connection between the protected conduct and the adverse employment action." *Calero-Cerezo v. U.S. Dep't of Just.*, 355 F.3d 6, 25 (1st Cir. 2004); *see also, Shoucair v. Brown Univ.*, 917 A.2d 418, 427 (R.I. 2007). The U.S. Supreme Court has already opined that an adverse employment action "extends beyond workplace-related or employment-related retaliatory acts and harm." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). "An employer can effectively retaliate against an employee by taking actions not directly related to his employment

5

or by causing him harm *outside* the workplace." *Id.*[1] Likewise, the Fair Employment Practices Act extends the retaliation provision beyond an employee to "any individual" who assists the Commission in any way with investigating a discrimination charge. It is crucial that the Commission be able to broadly construe the antiretaliation provision in the FEPA to cover non-employees in order to carry out its mission to redress and prevent discrimination for the state's residents.[2]

### A. The Fair Employment Practices Act's plain language permits an individual who is not a covered employee to file a retaliation charge against an employer.

It is certainly true that the Rhode Island Fair Employment Practices Act ("FEPA") is generally an "analog" to the federal Title VII employee protections. Title VII, however, states that "Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter." 42 U.S.C.A. § 2000e-7. Colloquially, the federal fair employment laws are a floor, not a ceiling, and states are able to expand and extend employment protections beyond the federal law.

The FEPA intentionally extends its retaliation protections beyond employees. The federal law prohibits an *employer* retaliating against an *employee* or *applicant* "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a

---

[1] Discriminatory actions that an employer could take against a non-employee: terminating an independent contractor's contract or a sale agreement, filing a frivolous civil action or making a false criminal charge, refusing entry or service at a business or posting false or harassing content on social media.

[2] It is worth noting that the Commission's work is "an exercise of the police power of the state for the protection of the public welfare, prosperity, health, and peace of the people of the state." R.I. Gen. Laws § 28-5-4. It, therefore, has many of the same powers as other law enforcement agencies in the state. *See e.g.* R.I. Gen Laws §§ 28-5-16—24.

6

charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C.A. § 2000e-3(a). That is the floor. The Rhode Island Fair Employment Practices Act states "it shall be an unlawful employment practice . . . For any employer or employment agency, labor organization, placement service, training school or center, or any other employee referring source to discriminate in any manner against *any individual* because he or she has opposed any practice forbidden by this chapter, or because he or she has made a charge, testified, or assisted in any manner in any investigation, proceeding, or hearing under this chapter." R.I. Gen. Laws § 28-5-7(5) (emphasis added). The Commission's regulations further support this interpretation. The section explaining who may file a charge states, "*Any person or organization* who claims to be aggrieved by an alleged discriminatory practice may make, sign and file a written charge with the Commission at any of its offices." 515-RICR-10-00-2.4(A).

While the term "individual" is not defined in the statute, it is not used as a synonym for "employee." Elsewhere in the FEPA, it enumerates unlawful employment practices that apply to an employer's actions against an employee. *See* R.I. Gen. Laws § 28-5-7(1)(ii), (iv)-(vi) ("It shall be an unlawful employment practice for any employer to discharge an *employee* . . ."). The FEPA "unlawful employment practices" subsection, however, consistently uses "individual" or "individuals" to refer to non-employees. *See e.g.* R.I. Gen. Laws § 28-5-7(1)(iii), (2)(i)-(ii), (4), (5).

This difference is intentional. The General Assembly "is presumed to have intended each word or provision of a statute to express a significant meaning, and the court will give effect to every word, clause, or sentence, whenever possible." *State v. Clark*, 974 A.2d 558, 571 (R.I. 2009) (internal citations omitted). In interpreting a statute, "Courts should avoid construing a statute in a

7

way that will divest any of its component parts of meaning." *Cahoon v. Shelton*, 647 F.3d 18, 23 (1st Cir. 2011) (citing *State v. Clark,* 974 A.2d 558, 572 (R.I.2009)). In other words, any individual means *any individual*.

Furthermore, the FEPA itself provides that its provisions "shall be construed liberally for the accomplishment of the purposes of it, and any law inconsistent with any provision of this chapter shall not apply." R.I. Gen. Laws § 28-5-38(a). Its purpose is set forth explicitly as well: "It is declared to be the public policy of this state to foster the employment of all individuals in this state in accordance with their fullest capacities, regardless of their race or color, religion, sex, sexual orientation, gender identity or expression, disability, age, or country of ancestral origin, and to safeguard their right to obtain and hold employment without such discrimination." R.I. Gen. Laws § 28-5-3.

### B. The Commission must be able to enforce the FEPA's antiretaliation provision for non-employees to carry out its statutory mandate.

The antiretaliation provision is crucial in the Commission's mission to redress and prevent discrimination by safeguarding people who assist the Commission in investigating discrimination charges. In fact, the Commission's regulations list combatting retaliation as one of its primary functions. 515-RICR-10-00-2.2(A)(9). The Defendants' proposed narrow interpretation of who is protected by the antiretaliation provision would seriously hinder the Commission's mission and one of its primary functions. As the Supreme Court said of Title VII, "The antiretaliation provision seeks to secure that primary objective [a workplace free of discrimination based on protected categories] by preventing an employer from interfering (through retaliation) with an employee's efforts to secure or advance enforcement of the Act's basic guarantees. The substantive provision seeks to prevent injury to individuals based on who they are, *i.e.,* their status. The antiretaliation

8

provision seeks to prevent harm to individuals based on what they do, *i.e.,* their conduct." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 63 (2006).

Keeping in mind the FEPA's more inclusive use of "individual" rather than "employee," the actions in § 28-5-7(5)—making a charge, testifying, or assisting in any manner in any investigation, proceeding, or hearing—do not require that the person performing the action be an employee. In addition to an employee experiencing alleged discrimination, the Commission, as well as "an aggrieved individual or an organization chartered for the purpose of combating discrimination, racism, or of safeguarding civil liberties, or of promoting full, free, or equal employment opportunities" may file a charge and be a "complainant." R.I. Gen. Laws § 28-5-17(a); 515-RICR-10-00-2.4(A). Similarly, a complainant or witness might not be an employee; he or she could be a job applicant, a postal worker delivering mail, a site visitor, an independent contractor or, like Ms. McDaniel, someone who is unclear on whether she is an employee or an independent contractor.[3] As even the worker may not know his or her classification, it is even more important that the Court interprets the FEPA's antiretaliation provision liberally to include any individual: employee, non-employee, independent contractor, customer or visitor. If the antiretaliation provision does not extend to non-employees—especially as some may be unsure of their classifications—it will deter them from either filing charges to report discrimination or helping the Commission investigate another complainant's charge. The FEPA's expansive

---

[3] Misclassification, intentional or not, is a known issue. The Government Accountability Office (GAO) reported that "the national extent of employee misclassification is unknown; however, . . . studies suggest it could be a significant problem with adverse consequences." *Employee Misclassification: Improved Coordination, Outreach, and Targeting Could Better Ensure Detection and Prevention*, GAO (Aug. 2009) https://www.gao.gov/assets/gao-09-717.pdf (last accessed May 19, 2025). One of those consequences: being outside the protections of fair employment laws. The GAO also reported that a Department of Labor study in 2000 found that "10 percent to 30 percent of firms audited in nine states had misclassified at least some employees." *Id.*

employment protections are nearly useless if an employer can intimidate complainants and witnesses into silence.

## V. CONCLUSION

The FEPA's plain language clearly intends to include non-employees in its antiretaliation provision. And the antiretaliation provision is crucial to protect "any individual" who may file a charge or assist the Commission is carrying out its charge to enforce the state's fair employment laws. For these reasons, the Commission asks that the Court adopt its interpretation of the FEPA's antiretaliation provision and deny Defendants' Motion for Partial Summary Judgment on Count VI of Plaintiff's Second Amended Complaint.

THE RHODE ISLAND COMMISSION
FOR HUMAN RIGHTS

By Its Attorney

*/s/ Lauren E. Hill*

Lauren E. Hill, #9830
180 Westminster St. 3rd Floor
Providence, RI 02903
401-222-4477
Fax (401) 222-2616
lauren.hill@richr.ri.gov

By Its Commissioner

*/s/ Cynthia M. Hiatt*

Cynthia M. Hiatt, #2119
180 Westminster Street, 3rd Floor
Providence, RI 02903
(401) 222-7562
Fax (401) 222-2616
chiattjd@mail.com

## CERTIFICATE OF SERVICE

  I hereby certify that on May 20, 2025, I electronically served and filed via the Electronic Court Filing (CM/ECF) system a true copy of the within pleading on all counsel of record, and it is available for viewing and downloading from the ECF system.

<u>/s/ Lauren E. Hill</u>