```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
ALISON MCDANIEL,                    )
                                    )
          Plaintiff,                )
                                    )
     v.                             )   C.A. No. 23-292 WES
                                    )
PRESERVE PROPERTY MANAGEMENT        )
COMPANY, LLC, et al.,               )
                                    )
          Defendants.               )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Senior District Judge.

Before the Court is Defendants' Motion for Summary Judgment, Dkt. No. 100. For the foregoing reasons, the Court denies Defendants' Motion for Summary Judgment in its entirety.

### I.  BACKGROUND

This motion arises from Plaintiff Alison McDaniel's action against Defendants seeking to recover for alleged employment discrimination, defamation, and battery. 2d Am. Verified Compl. ("Compl."), Dkt. No. 43. The Court recently issued a summary judgment Memorandum and Order that provided a comprehensive overview of the facts underlying this matter. Mem. & Order (Apr. 17, 2025), Dkt. No. 67. Specifically, the Court's Memorandum and Order details the parties' respective backgrounds, the business entities and their interrelationships with one another, and the

work performed by McDaniel that eventually resulted in her decision to bring this action. See id. at 1-6. The Court incorporates the Memorandum and Order's background facts by reference and only provides the details necessary to its resolution of the instant Motion for Summary Judgment.

At this stage, McDaniel's Complaint contains five remaining claims: Count VI, a violation of the Rhode Island Fair Employment Practices Act for retaliation, but only against Defendant Preserve Property Management ("PPMC"); Count VII, Breach of Contract; Count VIII, a violation of the Rhode Island Civil Rights Act of 1990 ("RICRA") pursuant to a theory that Defendants discriminated on the basis of sex by creating a hostile work environment by sexually harassing her; Count IX, a violation of RICRA pursuant to a theory that Defendants discriminated on the basis of sex by engaging in quid pro quo sexual harassment; and Count XIII, battery. See Compl. ¶¶ 257-309, 332-334; Mem. & Order 1-2 (July 22, 2025), Dkt. No. 88 (regarding Count VI).

The Court previously denied Defendants' motion for judgment on the pleadings and, in a separate order, invited them to move for summary judgment on the aforementioned claims. Mem. & Order (Sep. 22, 2025), Dkt. No. 96; Text Order (Oct. 23, 2025). Critically, when denying Defendants' motion for judgment on the pleadings, the Court reconsidered its prior dismissal of McDaniel's claim for breach of contract based on the theory that

2

she could have performed work for Defendants either as an independent contractor or pursuant to an alternative employment arrangement.  Mem. & Order 6 (Sep. 22, 2025).  Following the Court's denial of Defendants' motion for reconsideration, Defendants moved for summary judgment on all remaining counts in this action.

**II. DISCUSSION**

To succeed on summary judgment, litigants must demonstrate that a genuine issue of material fact does not exist and that they are entitled to judgment as a matter of law.  See Boykin v. Genzyme Therapeutic Prods., LP, 93 F.4th 56, 60 (1st Cir. 2024) (citing Fed. R. Civ. P. 56(a)).  "The standard is a familiar one: a court can grant summary judgment 'only if the record, construed in the light most amiable to the nonmovant, presents no genuine issue as to any material fact and reflects the movant's entitlement to judgment as a matter of law.'"  United States ex rel. Omni Healthcare, Inc. v. MD Spine Sols. LLC, 160 F.4th 248, 257 (1st Cir. 2025) (quoting Irobe v. U.S. Dep't of Agric., 890 F.3d 371, 377 (1st Cir. 2018)).  Finally, courts must "proceed with caution and restraint when considering summary judgment motions where, as here, issues of pretext, motive, and intent are in play."  Taite v. Bridgewater State Univ., Bd. of Trs., 999 F.3d 86, 93 (1st Cir. 2021).

This Court's resolution of Count VI — Defendants' alleged violation of the Rhode Island Fair Employment Practices Act — centers on whether a factual dispute exists concerning Defendants' motivation when they filed a criminal complaint against McDaniel, accusing her of extortion and other crimes for allegedly stealing their property.  See Compl. ¶¶ 257-266.  McDaniel argues that Defendants filed the complaint in bad faith and sought to retaliate against her for initiating this action and other forms of recourse against them.  Id.  Counts VII-IX — claims for a breach of contract and violations of RICRA — depend on whether a disputed fact exists concerning McDaniel's employment relationship with Defendants and whether the parties formed an agreement that would allow her to bring these claims.  Finally, the viability of Count XIII — McDaniel's battery claim — centers on whether a factual dispute exists concerning Mihailides's alleged touching of McDaniel in a harmful or offensive manner.  The Court will address each issue in turn.

### A. Count VI

With respect to McDaniel's claim for retaliation, the Court determines that a genuine dispute of material fact exists concerning Defendants' motivation for filing the criminal complaint against her. Specifically, McDaniel notes that, despite contacting her and hiring an independent investigator to obtain information about her alleged unlawful retention of property,

4

Defendants did not file a criminal complaint against her until after she filed: (1) an administrative charge with the Equal Employment Opportunity Commission; (2) the instant action; and (3) an administrative charge with the Rhode Island Commission for Human Rights. Mem. L. Opp'n Defs.' Mot. Summ. J. ("Pl.'s Mem.") 34, Dkt. No. 108-1. Only after these actions took place, McDaniel argues, did Defendants engage in the allegedly retaliatory conduct. Id.

When viewed in the light most favorable to the McDaniel, a genuine dispute of material fact exists regarding Defendants' motivation for filing this criminal complaint. In support of this determination, the Court notes that Defendants waited almost two years before filing this complaint against McDaniel, notwithstanding the fact that they had expended significant resources to investigate the alleged retention of property. Pl.'s Opp'n Defs.' Mot. Summ. J. ("Pl.'s Opp'n") Ex. I, Dkt. No. 108-3. The timeline of events presented by McDaniel suggests at least the possibility that the Defendants' decision was retaliatory behavior. This is a question a jury must resolve at trial. See Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 34 (1st Cir. 2001) ("We must exercise particular caution before sustaining summary judgments for employers on such issues as pretext, motive, and intent.") (citation modified). Accordingly, the Court denies Defendants' Motion for Summary Judgment on Count VI.

Notwithstanding this factual dispute, Defendants argue that summary judgment should enter in their favor. Specifically, Defendants attempt to invoke the Noerr-Pennington doctrine, which is rooted in antitrust law and the immunity it provides individuals that advocate for legislation that would result in anticompetitive practices. Defendants assert that this doctrine immunizes their decision to file a criminal complaint against McDaniel in the context of their private employment dispute. Defs.' Mot. Summ. J. 32-34. Notwithstanding Defendants' collection of a litany of case law applying this doctrine in other, ostensibly analogous contexts, they fail to provide the Court with binding authority that mandates its application here. See id. The Court declines to immunize Defendants' conduct in this novel context as a matter of first impression.

Defendants also attempt to undercut McDaniel's retaliation claim by arguing that she has not suffered a materially adverse action under the Rhode Island Fair Employment Practices Act. Defs.' Mot. Summ. J. 37-41. The Court rejects this argument as well. Both McDaniel's Complaint, which directly states that Defendants' actions have "sullied [her] reputation in the community and created obstacles in obtaining employment in her field," and the testimony from her deposition stating that Defendants' actions have caused her "great stress" create a genuine dispute of material fact on this issue. Compl. ¶ 260; Pl.'s Opp'n

6

Attach. 5, at 377:21-25, Dkt. No. 108-5.  The Court therefore denies summary judgment on Count VI.[1]

**B. Counts VII-IX**

As outlined above, resolution of Defendants' Motion for Summary Judgment as to Counts VII-IX depends on whether a factual dispute exists regarding McDaniel's employment relationship with Defendants.  In order to determine whether two individuals have formed a contract pursuant to Rhode Island law, the Court must assess the parties' "words and actions to determine whether they have manifested the objective intent to promise or be bound." Bourque v. F.D.I.C., 42 F.3d 704, 708 (1st Cir. 1994) (citing Smith v. Boyd, 553 A.2d 131, 133 (R.I. 1989)).  "Determining whether there was mutual assent may involve factual questions: What did the parties say (or do) to manifest their intent?  Were the parties' understandings of each other's actions reasonable under all the circumstances?  Answering these questions is the province of the factfinder and not the court."  Id. (citing Salem Laundry Co. v. New Eng. Teamsters & Trucking Indus. Pension Fund, 829 F.2d 278, 280 (1st Cir. 1987)).

---

[1] Defendants' Reply Memorandum appears to argue that McDaniel's statement regarding her relationship with The Preserve at Boulder Hills constitutes an implied concession that she did not have an employment relationship with Preserve Property Management Company. Defs.' Reply Mem. Supp. Mot. Summ. J. 19, Dkt. No. 111.  McDaniel clearly disputes this argument and asserts that a verbal agreement existed between her and all three Defendants.  Pl.'s Statement Disputed Facts ("PSDF") ¶¶ 1-3, Dkt. No. 110.

7

Here, the record reveals that a genuine dispute of fact exists regarding whether McDaniel formed a contract for independent contractor services with Defendants. Specifically, the record contains a critical dispute regarding the parties' words and actions and whether they formed a contract that governed the work she performed for them. See Compl. ¶¶ 17-41. As Defendants acknowledge, the Court must consider the allegations contained within McDaniel's Complaint as the functional equivalent of an affidavit on summary judgment. Defs.' Mot. Summ. J. 15.

Setting aside the other evidence offered by McDaniel, the allegations contained in the Complaint alone foreclose summary judgment on this issue. Compl. ¶¶ 17-41. Specifically, McDaniel alleges that she performed a wide variety of work for Defendants that ranges from waiting tables to managing Defendants' presence on social media and appearing in advertisements. Id. The existence of this disputed employment relationship requires a factfinder to address whether the parties' words and actions constitute enough evidence for it to determine that they formed a contractual relationship for independent contractor services. Bourque, 42 F.3d at 708. While Defendants clearly seek to discredit McDaniel's credibility and disagree with her disorganized and sometimes contradictory characterization of her relationship with Defendants, the Court must read the record in the light most favorable to her. MD Spine Sols., 160 F.4th at

8

257. The Court therefore denies summary judgment on Counts VII-IX.

### C. Count XIII

Defendants also seek summary judgment on Count XIII, McDaniel's claim for battery arising out of Mihailides's alleged history of behaving in a sexually inappropriate manner toward her. As with her earlier claims, the Court determines that a factual dispute exists regarding the nature and extent to which Mihailides's actions constitute harmful or offensive touching. Notwithstanding McDaniel's testimony describing Mihailides touching her on multiple occasions, Defendants attempt to seize upon what they characterize as "inconsistent and contradictory" evidence associated with this claim. Defs.' Mot. Summ. J. 41. For example, Defendants seek dismissal of this claim by directing the Court to examples where Mihailides "tried to kiss" her and "attempted to touch" certain parts of her body and argue that these characterizations do not describe direct contact in and of themselves. Id. at 41-44.

However, when viewed in the light most favorable to McDaniel, a genuine dispute of fact clearly exists regarding the physical contact underlying her claim for battery. For example, the Complaint directly states that Mihailides "intentionally touched [her] body" on several occasions. Compl. ¶ 333. McDaniel's deposition testimony also clearly details her recollection of

9

Mihailides's alleged inappropriate contact with her and the harm to her that resulted from it. See Pl.'s Opp'n Attach. 5, at 353:11-15-56 ("I think I've experienced a lot of harm [from the alleged unwanted touching]. I think, even trying to forge through a working relationship like that and trying to get paid and trying to do the job, it caused a lot of harm to me. Mentally, emotionally, it gave me anxiety, yes. It gives me fear.").[2] This evidence unquestionably creates a factual dispute concerning McDaniel's battery claim and the Court therefore denies summary judgment on Count XIII.

### III. CONCLUSION

Based on the foregoing, the Court concludes that Defendants have not demonstrated their entitlement to summary judgment. As a result, the Court DENIES Defendants' Motion for Summary Judgment, Dkt. No. 100.

IT IS SO ORDERED.

*/s/ William E. Smith*

William E. Smith
Senior District Judge
Date: January 16, 2026

---

[2] Based on McDaniel's testimony clearly detailing the extent of the harm that she suffered from her interactions with Mihailides, the Court declines Defendants' request to prevent her from recovering economic or punitive damages at this stage of the action.